NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 15, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2245

| | |
|---|---|
| ONAFFIA McFADDEN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 13-cv-01212 |
| | |
| GREGORY TANGMAN, et al., | Joe Billy McDade, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Onaffia McFadden challenges the denial of his motion for a new trial on his claims that two correctional officers at Pontiac Correctional Center used excessive force against him and subjected him to inhumane conditions of confinement, and that a medical technician was deliberately indifferent to his injuries. We conclude that the district court did not abuse its discretion by denying that motion, and we affirm the judgment.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

McFadden tried his case alone before a jury and testified to the following. While incarcerated, he suffered an asthma attack and sudden back pain that left him immobile on the floor. When he called for medical attention, the correctional officers twice assaulted him, leaving him bloodied and scarred on his head, with permanent degenerative damage in his wrist. The officers brought him to a nurse for evaluation but told her that he was faking, so the medical report states that he was not in distress and did not require medical attention. For three days afterwards, he did not receive food or medical attention, even though he told a medical technician that he had blood in his urine. Lastly, the officers removed his clothing, bedding, and personal belongings, and turned off the water to his cell.

All the defendants testified that they could not recall the episode, and they introduced documentary evidence that supported their theory of the case. At the summary judgment stage of the proceedings, the two officers had introduced declarations affirmatively stating that the force they used to restrain McFadden was minimal; these declarations were admitted into evidence at trial. Additionally, the officers' incident reports made no mention about use of force during the episode; if they had used more than minimal force, the officers testified, a notation of the sort would have been recorded. In response to McFadden's allegations about his conditions of confinement, the officers testified that if they did remove an inmate's belongings, the practice was to remove only personal effects, not clothing and bedding, and that they did not have the authority to turn off water. As for McFadden's claim about blood in his urine, the medical technician testified that he had no record of any complaint (his typical practice in such cases was to send the inmate to the hospital for testing and then write an incident report).

After a two-day trial, the jury returned a verdict in favor of the defendants on all claims.

McFadden then moved for a new trial. He argued that the jury's verdict was against the manifest weight of the evidence, that two of the jurors were asleep while he presented evidence, and that he was unable to investigate and present his case properly because he did not have counsel. In a short text order, the court denied the motion.

McFadden's appeal rests primarily on his disagreement with the jury's verdict. He contends that the jury should have credited his testimony that the officers used excessive force, as well as the testimony of an inmate in the adjoining cell who heard the officers hitting him.

The jury's verdict was not against the "manifest weight of the evidence." *Saathoff v. Davis*, 826 F.3d 925, 933 (7th Cir. 2016). Our role at this stage is deferential to the judge and jurors who witnessed the trial, *id.*, and the jury here had a sufficient basis to reject McFadden's testimony in favor of the defendants'. Not only did the officers' declarations adequately support their defense, but McFadden's main witness did not see the interaction in McFadden's cell, so he could testify only about what he heard. Plus, the only contemporaneous medical records show that McFadden was not in distress and required no medical attention. Finally, the officers and medical technician provided uncontroverted testimony about their normal practice for logging interactions with inmates—a form of record-keeping that turned up no documentation that McFadden had lost access to water, bedding, or clothing, or that he had spoken to the technician about his injuries.

McFadden also contends that he must receive a new trial because two jurors were asleep during his presentation of evidence, and he necessarily was prejudiced by their inability to consider the full testamentary evidence. But a "court has considerable discretion in deciding how to handle a sleeping juror." *United States v. Freitag*, 230 F.3d 1019, 1023 (7th Cir. 2000). McFadden did not point out the jurors during the trial, and the judge could not have abused his discretion when nothing in the record suggests that he even was aware of any jurors who were asleep.

Finally, McFadden argues that the district court erred by denying his repeated requests throughout the proceedings to recruit counsel for him. Beginning with the amending of his complaint (and ten times after that), McFadden asked for the assistance of recruited counsel given the complexity of his claims, his limited ability to litigate, his lack of access to the law library, and his inexperience bringing a case to trial. Each time, the district court denied the request, explaining that his claims were not complex and that he was representing himself competently.

Civil litigants do not have a right to recruited counsel, and here the judge acted within his discretion in declining to recruit counsel for McFadden. *Pruitt v. Mote*, 503 F.3d 647, 654, 660 (7th Cir. 2007) (en banc). The court properly considered both the difficulty of the case and McFadden's competence to try it himself, and the judge reasonably concluded that the issues in the case were not complex and that McFadden's filings were clear, cogent, and relevant. *See id.*

AFFIRMED